O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HARDING,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. EDCV 07-1272-VAP<br>**EDCR 04-0082-VAP**<br><br>**[Motion filed on Sept. 28, 2007]**<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

    The Court has received and considered all papers filed in support of, and in opposition to, Randall Harding's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255," requesting to vacate, set aside, or correct his sentence ("Motion").  The Motion is appropriate for resolution without oral argument.[1]  For the reasons set forth below, the Court DENIES the Motion.

///

---

[1] Section 2255 does not require a hearing where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.

# I. BACKGROUND

**A.  Procedural History**

On September 7, 2004, Petitioner Randall Harding was charged in a two-count information with (1) wire fraud in violation of 18 U.S.C. section 1343 and (2) money laundering in violation of 18 U.S.C. section 1957. (Case No. 04-CR-0082-VAP, Doc. no. 1.)  On January 10, 2005, Harding entered pleas of "guilty" to both counts of the information. (Case No. 04-CR-0082-VAP, Doc. no. 16.)  At a hearing on September 25, 2006, the Court sentenced Harding to a term of 51 months incarceration, a three year term of supervised release, a $200 special assessment and restitution in the amount of $1,343,700. (Case No. 04-CR-0082-VAP, Doc. no. 30.)  The Judgment and Commitment Order was entered on October 2, 2006. (Case No. 04-CR-0082-VAP, Doc. no. 31.)  Harding did not appeal his conviction or sentence.

On September 8, 2007, Harding filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255" ("Motion" or "Mot."), moving the Court to vacate, set aside, or correct his sentence.  On December 13, 2007, Harding filed a "Supplemental Brief" ("Def.'s Supp. Brief").  The Government filed a "Motion to Dismiss and Opposition to Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255" ("Opp'n") on May 1, 2008, together with

supporting declarations and exhibits.  Harding filed his Traverse on July 7, 2008.

**B.  Factual History**

The two-count information alleged that Harding had engaged in wire fraud and money laundering as part of a scheme to defraud investors.  [Declaration of Sheri Pym ("Pym Decl.") Ex. A (Information, filed under seal).] Harding was alleged to have solicited investments totaling approximately $1.5 million, based on false representations concerning the safety and soundness of the investments.  (Id.)

Harding entered into a Plea Agreement with the Government in which both sides agreed that sentence should be imposed based on an offense level of 27, with a two or three-level downward departure for acceptance of responsibility.  (Pym Decl. Ex. B (Plea Agreement) at ¶¶ 11, 18.)  The Government agreed to request a sentence below the applicable sentencing range if it determined, "in its exclusive judgment, that defendant . . . provided substantial assistance to law enforcement in the prosecution or investigation of another."  (Id. ¶ 18(g).) The Plea Agreement included the following language concerning Defendant's right to seek review of his sentence:

> 1  Defendant also gives up any right to
> 2  bring a post-conviction collateral attack
> 3  on the convictions or sentence, including
> 4  any order of restitution, except a post-
> 5  conviction collateral attack based on a
> 6  claim of ineffective assistance of
> 7  counsel, a claim of newly discovered
> 8  evidence, or an explicitly retroactive
> 9  change in the applicable Sentencing
> 10 Guidelines, sentencing statutes, or
> 11 statutes of conviction.

12 (Id. ¶ 22.)

14    The United States Probation Office prepared a
15 presentence report, in which it calculated a sentencing
16 range under the United States Sentencing Commission
17 Sentencing Guidelines of 51 to 63 months, based on a
18 Criminal History category of I, and an Offense Level of
19 24. [Pym Decl. Ex. D (Presentence Investigation Report)
20 at 1a.] The Government recommended a sentence at the low
21 end of the range, or 51 months. [Pym Decl. Ex. E
22 (Government's Sentencing Position Paper) at 6.]

## II. LEGAL STANDARD

25 Pursuant to section 2255,

> 26 [a] prisoner in custody under sentence of a
> 27 court established by Act of Congress claiming

> the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

### III. DISCUSSION

In his Motion, Harding requests that his sentence be reduced to the term of imprisonment that would have been imposed if the Court had applied a downward departure under section 5K1.1 of the Sentencing Guidelines. (Mot. at 1); U.S. Sentencing Guidelines Manual § 5K1.1 (2005). Harding argues that the Plea Agreement he entered into required the Government to move for a downward departure under section 5K1.1. (Mot. at 4-5.) The Government's failure to make such a motion, according to Harding, constituted a breach of the Plea Agreement and requires a correction to his sentence in the form of a reduction in the term of incarceration. (Id.) Furthermore, in his Supplemental Brief, Harding argues that the term of supervised release imposed as part of his sentence was not part of his Plea Agreement, nor was it required by

the offenses to which he pleaded guilty.[2]  (Def.'s Supp. Brief at 1.)

The Government argues that the Motion should be denied, because Harding waived his right to bring a collateral attack on his sentence.  (Opp'n at 13-14.)  As part of the Plea Agreement he entered into, Harding gave up "any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentence Guidelines, sentencing statutes, or statutes of conviction."  (Pym Decl. Ex. B ¶ 22.)  The Government contends Harding's allegation that it breached the Plea Agreement does not fall into any of the exceptions allowing for a collateral attack.  (Opp'n at 13-14.)

The Ninth Circuit has upheld a defendant's waiver of his statutory rights, such as the right to file a motion under section 2255.  <u>United States v. Abarca</u>, 985 F.2d 1012, 1014 (9th Cir. 1993); <u>United States v. Navarro-Botello</u>, 912 F.2d 318, 321 (9th Cir. 1990).  "Generally,

---

[2] In his Traverse, Harding withdraws this claim concerning supervised release. [Traverse at 14 ("voluntarily dismiss[ing]" the supervised release contention).]

6

courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000) (quoting United States v. Martinez, 143 F.3d 1266, 1270-71 (1998)).  The Ninth Circuit has expressed doubt, however, that a defendant can validly waive a claim of ineffective assistance of counsel.  United States v. Jeronimo, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).

     Here, Harding acknowledged his understanding that under the Plea Agreement, he was giving up most of his appeal rights, including the right to argue that his "sentence was contrary to law or [that] it violated the Federal Sentencing Guidelines."  [Pym Decl. Ex. C (Transcript of plea proceedings) at 15:13-22; 20:23-21:3; 30:12-21.]  Harding also agreed that he was competent to enter a guilty plea, that his guilty plea was voluntary, and that he understood the consequences of such a plea. (Id. at 23: 2-10.)  Harding stated that he had discussed the entire Plea Agreement with his attorney, and that no promises had been made to him outside of what was included in the Plea Agreement. (Id. at 9:11-10:8.)

Harding does not assert that he unknowingly or involuntarily waived his right to bring a section 2255 motion.  Instead, in his Traverse, Harding attempts to fashion an ineffective assistance of counsel claim by arguing that such a claim "was sufficiently raised by the facts alleged in the motion" and requesting liberal construction of his pro se filings.  (Traverse at 3.) Harding concedes, however, that "a clear reading of the four corners of Harding's § 2255 motion reveals no specific allegation that counsel rendered ineffective assistance."  He also admits that he did not make an ineffective assistance claim, because doing so would have "created a conflict" with his counsel, who still represented him at the time he filed the Motion. (Mot. at 2-3.)

The Court declines to construe the Motion as raising a claim for ineffective assistance of counsel.  Even applying a liberal construction to the Motion, that document does not contain any allegations concerning counsel's failure to file a notice of appeal or a motion for new trial, which are the grounds on which Harding claims ineffective assistance in his Traverse.  (Traverse at 1-2.)  The Court further declines to consider the claim of ineffective assistance of counsel on the merits, because it was raised for the first time in the Traverse.

Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).

The Court finds that Harding knowingly and voluntarily waived his right to seek review of his sentence under section 2255, and that his waiver encompassed the grounds raised in his Motion. Accordingly, the Court GRANTS the Government's request to dismiss the Motion on the ground that Defendant waived his right to raise the claims asserted therein, and DENIES the Motion and DISMISSES this action.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's request to deny the Motion and DISMISSES Harding's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255."

Dated: August 26, 2008

VIRGINIA A. PHILLIPS
United States District Judge